IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-01945-PAB

MARIANO GUADALUPE PAREDES MEDINA,

     Petitioner,

v.

GEORGE VALDEZ, Acting Field Office Director of Enforcement and Removal Operations, Denver Field Office, Immigration and Customs Enforcement, in his official capacity,
MARKWAYNE MULLIN, Secretary, Department of Homeland Security, in his official capacity,
TODD BLANCHE, Acting U.S. Attorney General, in his official capacity,
JUAN BALTASAR,[1] Warden of the Denver Contract Facility, in his official capacity,
U.S. DEPARTMENT OF HOMELAND SECURITY, and
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW,

     Respondents.

---

## ORDER

---

This matter comes before the Court on petitioner Mariano Guadalupe Paredes Medina's Petition for Writ of Habeas Corpus [Docket No. 1]. Respondents filed a response. Docket No. 8.

---

[1] The proper spelling of this respondent's name appears to be Baltazar. *See De La Cruz v. Baltazar*, No. 26-cv-00360-PAB, 2026 WL 439217 (D. Colo. Feb. 17, 2026).

## I. BACKGROUND[2]

Petitioner is a citizen of Mexico. Docket No. 1 at 5, ¶ 18. Petitioner has resided in the United States since 2004.[3] *Id.* at 6, ¶ 28. On or about April 22, 2026, Immigration and Customs Enforcement ("ICE") detained petitioner. *Id.* at 5, ¶ 18. Petitioner is currently being detained at the Denver Contract Detention Facility. *Id.* at 2, ¶ 2. On or about April 22, 2026, petitioner was issued a Notice to Appear, and the Department of Homeland Security ("DHS") placed him in removal proceedings pursuant to 8 U.S.C. § 1229a. *Id.* at 6, ¶ 26. Respondents assert that petitioner is subject to mandatory detention under § 1225(b)(2) and have denied petitioner a bond hearing. *Id.* at 7, ¶ 31. On May 5, 2026, petitioner filed a Petition for Writ of Habeas Corpus. *See generally id.* Petitioner brings one claim: that his detention violates 8 U.S.C. § 1226(a). *Id.* at 6-7, ¶¶ 25-31. On May 18, 2026, respondents filed a response. Docket No. 8.

## II. ANALYSIS

The parties disagree as to whether petitioner's detention is governed by 8 U.S.C. § 1226 or 8 U.S.C. § 1225. Docket No. 1 at 6-7, ¶¶ 25-31; Docket No. 8 at 2-3. Petitioner contends that his detention should be controlled by 8 U.S.C. § 1226(a). Docket No. 1 at 6, ¶ 29. Because he believes that § 1226 applies, petitioner argues that respondents must provide him with a bond hearing. *Id.* Respondents, however, contend that 8 U.S.C. § 1225(b)(2)(A) applies to noncitizens like petitioner who are "present in the United States and have not been admitted." Docket No. 8 at 3.

---

[2] The following facts are taken from the habeas petition. Docket No. 1. Petitioner has provided only minimal facts. *See generally id.* Respondents have not disputed any facts and do not provide any facts of their own. *See generally* Docket No. 8.

[3] Petitioner does not allege the exact date that he entered the United States.

Respondents claim that petitioner is therefore not entitled to a bond hearing and is subject to mandatory detention. *Id.*

On many occasions, this Court has analyzed whether § 1225 or § 1226 applies to petitioners who were detained when already present in the United States and who face removal proceedings. *See, e.g., Sanchez v. Baltasar*, No. 26-cv-01036-PAB, 2026 WL 809548 (D. Colo. Mar. 24, 2026); *Cruz v. Noem*, No. 26-cv-00312-PAB-NRN, 2026 WL 766689, at *2 (D. Colo. Mar. 18, 2026); *Moncada-Hernandez v. Trump*, No. 26-cv-00436-PAB, 2026 WL 472744, at *2-3 (D. Colo. Feb. 19, 2026); *De La Cruz*, 2026 WL 439217, at *2; *Alfaro Orellana v. Noem*, No. 25-cv-03976-PAB, 2025 WL 3706417, at *2-4 (D. Colo. Dec. 22, 2025). The Court has ruled that the petitioner's detention is governed by § 1226. *Id.*

Respondents acknowledge that the Court has previously analyzed this issue, conceding "the facts of this case are not materially distinguishable . . . for purposes of the Court's decision on the legal issue of whether Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)." Docket No. 8 at 4. Respondents state that they submit an abbreviated response "to conserve resources and expedite this Court's consideration of this case, while preserving legal arguments and reserving all of Respondents' rights including the right to appeal." *Id.* at 2. Respondents note that a decision in this district rejecting respondents' position has been appealed to the Tenth Circuit. *Id.* at 3 (citing *Mendoza Gutierrez v. Baltasar*, No. 25-cv-02720-RMR, 2025 WL 2962908 (D. Colo. Oct. 17, 2025)). "Respondents acknowledge that until the Tenth Circuit rules on this issue, the Court's prior ruling on this issue would lead the Court to reach the same result here if the Court adheres to that decision, as the facts of this case

3

are not materially distinguishable from that case for the purposes of the Court's decision on the legal issue of whether petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)." *Id*. at 3-4.  Respondents incorporate by reference the legal arguments that respondents presented in *Mendoza Gutierrez*, the case which was appealed to the Tenth Circuit. *Id.* at 4.

The Court has analyzed the response that was submitted in *Mendoza Gutierrez*. *See Mendoza Gutierrez*, No. 25-cv-02720-RMR, Docket No. 26 (D. Colo. Sept. 16, 2025).  Not finding any additional relevant arguments that the Court has not already addressed in its past orders on this issue, the Court will grant the habeas petition for the same reasons as it did in *Alfaro Orellana*, which respondents acknowledge does not materially differ from the present case.  Docket No. 8 at 2.  Because there is no evidence that petitioner has been provided a bond hearing, his current detention violates § 1226(a).  The Court will grant the habeas petition on the § 1226 claim and will order respondents to provide petitioner a bond hearing within seven days of the date of this order.[4]

## III.  CONCLUSION

Therefore, it is

**ORDERED** that petitioner Mariano Guadalupe Paredes Medina's Petition for Writ of Habeas Corpus [Docket No. 1] is **GRANTED**.  It is further

---

[4] The Court finds that providing a bond hearing, rather than ordering petitioner's immediate release, is the proper remedy.  *See Loa Caballero*, 2025 WL 2977650, at *9 ("an immigration judge is better suited to consider whether Petitioner poses a flight risk and a danger to the community in this instance, where there is an insufficient record before this Court").

**ORDERED** that, within **seven days** of the date of this Court's order, respondents shall provide petitioner with a bond hearing under 8 U.S.C. § 1226(a), where the government shall bear the burden of proving that petitioner's continued detention is justified.[5]  It is further

**ORDERED** that, within **five days** of petitioner's bond hearing, the parties shall file a status report indicating whether the bond hearing was held and whether bond was granted or denied.

DATED May 18, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge

---

[5] "[T]he weight of authority in this District is clear: it is the Government's burden to justify a noncitizen's continued detention at a bond hearing."  *See Abanil v. Baltazar*, No. 25-cv-4029-WJM-STV, 2026 WL 100587, at *8 (D. Colo. Jan. 14, 2026) (internal quotation, alteration, and citation omitted) (collecting cases); *Arredondo v. Baltazar*, No. 25-cv-03040-RBJ, 2025 WL 4083607, at *4 (D. Colo. Oct. 31, 2025) ("the Court sides with the majority of courts in this District that have found that it is more appropriate for the government to bear the burden of proof in this context").