IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-01945-PAB

MARIANO GUADALUPE PAREDES MEDINA,

     Petitioner,

v.

GEORGE VALDEZ, Acting Field Office Director of Enforcement and Removal
Operations, Denver Field Office, Immigration and Customs Enforcement, in his official
capacity,
MARKWAYNE MULLIN, Secretary, Department of Homeland Security, in his official
capacity,
TODD BLANCHE, Acting U.S. Attorney General, in his official capacity,
JUAN BALTASAR,[1] Warden of the Denver Contract Facility, in his official capacity,
U.S. DEPARTMENT OF HOMELAND SECURITY, and
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW,

     Respondents.

---

**ORDER**

---

This matter comes before the Court on Petitioner's Opposed Motion to Enforce

Habeas Order and Request for Immediate Release [Docket No. 12]. Respondents filed

a response, Docket No. 14, and petitioner filed a reply. Docket No. 15.

## I. BACKGROUND[2]

Petitioner is a citizen of Mexico. Docket No. 1 at 5, ¶ 18. Petitioner has resided

in the United States since 2004.[3] *Id.* at 6, ¶ 28. On or about April 22, 2026, Immigration

and Customs Enforcement ("ICE") issued a Notice to Appear and detained petitioner.

---

[1] The proper spelling of this respondent's name appears to be Baltazar. *See De La Cruz v. Baltazar*, No. 26-cv-00360-PAB, 2026 WL 439217 (D. Colo. Feb. 17, 2026).

[2] The following facts are undisputed unless otherwise noted.

[3] Petitioner does not allege the exact date that he entered the United States.

*Id.* at 5-6, ¶¶ 18, 26.  Petitioner is currently being detained at the Denver Contract Detention Facility.  *Id.* at 2, ¶ 2.  On May 5, 2026, petitioner filed a Petition for Writ of Habeas Corpus bringing a claim that his detention violated 8 U.S.C. § 1226(a).  *Id.* at 6-7, ¶¶ 25-31.  On May 18, 2026, the Court granted the petition and ordered respondents to provide petitioner a bond hearing where the government bears the burden of proving that petitioner's continued detention is justified.  Docket No. 10 at 5.

On May 27, 2026, the parties filed a status report indicating that the immigration judge denied bond.  Docket No. 11 at 1.  On June 1, 2026, petitioner filed a motion to enforce the habeas order, asserting that the bond hearing did not comply with the Court's order.  Docket No. 12.  On June 9, 2026, respondents filed a response, Docket No. 14, and on June 12, 2026, petitioner filed a reply.  Docket No. 15.

## II.  ANALYSIS

Title 8 U.S.C. § 1226(e) states that "[t]he Attorney General's discretionary judgment regarding the application of this section shall not be subject to review.  No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."  8 U.S.C. § 1226(e).  However, "because a federal court always retains jurisdiction to enforce its lawful judgments, including habeas judgments, the court has the authority to see that its judgment is fully effectuated."  *Gall v. Scroggy*, 603 F.3d 346, 352 (6th Cir. 2010).

Petitioner argues that the bond hearing contravened the Court's May 18, 2026 order because respondents failed to satisfy their burden of proof and because the immigration judge relied on unsupported allegations.  Docket No. 12 at 1-2.  In support, petitioner asserts that DHS introduced only one piece of evidence at the hearing, and

that this evidence failed to provide substantive factual details to support a finding that petitioner is a danger to the community. *Id.* at 2. Petitioner argues that the immigration judge erred in in valuing this evidence more than petitioner's testimony. *Id.* at 7-10.

Petitioner fails to show that the immigration judge misapplied the burden of proof. Rather, petitioner asks the Court to reweigh evidence presented at the bond hearing, in violation of § 1226(e), and find that the evidence was insufficient to meet DHS's burden. This the Court will not do. Thus, petitioner fails to show that respondents did not comply with the Court's May 18, 2026 order. The Court will deny petitioner's motion to enforce. *See Jovel v. Noem*, 2026 WL 1430041, at *2 (D.N.M. May 21, 2026) (denying petitioner's motion to enforce where "[t]he record demonstrates that the IJ applied the burden-shifting framework required by this Court's prior order"); *Tepehua-Tlapaltotoli v. Noem*, 2026 WL 766073, at *2 (D.N.M. Mar. 18, 2026) ("Nothing in the recording demonstrates that the IJ failed to apply that burden-shifting framework. . . . This Court's jurisdiction does not extend to reweighing the IJ's bond determination once those procedures were followed.").

## III. CONCLUSION

Therefore, it is

**ORDERED** that Petitioner's Opposed Motion to Enforce Habeas Order and Request for Immediate Release [Docket No. 12] is **DENIED**. It is further

**ORDERED** that this case is closed.

DATED July 16, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge